## Kraus Estate

*David S. Gifford,* for accountant and residuary beneficiary.

*James T. Marnen,* for Commonwealth.

DWYER, P. J., March 4, 1974.—Andrew Kraus decedent, died September 28, 1972. His will provided for the payment of all his just debts and then directed the executor to make provisions for an adequate funeral for his son, Adolph Kraus, who is an inmate at Polk Institute. He then bequeathed the residue of his estate to the Watchtower Bible and Tract Society.

The Commonwealth of Pennsylvania, through the Attorney General's Office, notified the executor of a claim on behalf of the Commonwealth for maintenance of decedent's son at Polk Institute and Hospital from January 1, 1916, to September 28, 1972, the date of decedent's death, in the amount of $42,966.81.

The executor filed his account and requested that a hearing be held to determine the validity of the claim of the Commonwealth. The net assets in executor's hands amount to $43,019.56.

At the time set for hearing, the Commonwealth appeared and presented a certified statement showing that decedent's son was admitted to Polk State School and Hospital on January 1, 1916, said statement also indicating that the balance of $42,966.81 was still due for maintenance of said Adolph Kraus.

Counsel for the executor and the residuary beneficiary claims that the statute of limitations should bar recovery on behalf of the Commonwealth for all amounts claimed by the Commonwealth except for the last six years of decedent's life. In the alternative, counsel for the executor and residuary beneficiary claims that if the statute of limitations does not apply to the Commonwealth, nevertheless the presumption of payment of a debt after the lapse of 20 years must bar the Commonwealth from collecting any amount on this claim which is more than 20 years old.

Regardless of this court's opinion as to whether or not the statute of limitations should or should not apply to a claim by the Commonwealth, this court must follow the decision of the Supreme Court, which holds that the statute of limitations is not applicable to a claim by the Commonwealth: Commonwealth v. Musser Forests, Inc., 394 Pa. 205.

This court does agree, however, with the contention of counsel for the executor and residuary beneficiary that the Commonwealth is subject to the rules of evidence as any other litigant. " 'It must meet the burden of proof, its evidence must be relevant, material, the best attainable, and must be presented in due order under the regular rules of procedure. . . . Statutes of limitations do not apply to it. . . . But rules of evidence

and legal presumptions are not changed for or against the state as a suiter' ": Frey's Estate, 342 Pa. 351, 353.

In the Frey case cited above, the Commonwealth presented a claim for the cost of care and maintenance of decedent in a State hospital, to which claim the heirs of decedent objected because of the age of the claim. The evidence presented by the Commonwealth was merely a certification of an itemized statement prepared from the hospital's ledger sheets, just as in the instant case. The lower court disallowed the claim, ruling that the evidence was not sufficient to overcome the presumption of payment. The opinion of the Supreme Court, upon appeal in the matter, upheld the lower court's decision.

Consequently, in the instant case, this court holds that the Commonwealth of Pennsylvania may only recover the amount of its claim for the last 20 years of decedent's life.