## Frey's Estate.

352

Argued May 26, 1941. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*Martin B. Ebbert,* with him *E. A. DeLaney,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*Spencer R. Liverant,* with him *Paul E. Stein,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1941:

At the audit of the first and final account of the administrator of the estate of Sarah Ann Frey, deceased, filed May 10, 1939, the Commonwealth presented a claim for $1,766.80 contributed by it on account of the cost of care and maintenance of the decedent at the Harrisburg State Hospital for the Insane, from May 31, 1889, to September 23, 1906, the date of her death, to which claim the heirs of the decedent objected on account of its age. After hearing, the court below disallowed the claim, ruling that the evidence adduced by the Commonwealth was not sufficient to overcome the presumption of payment arising from the lapse of thirty-three to fifty years between the time of the expenditures and when the claim therefor was presented at the audit. This appeal followed.

"When the commonwealth comes into its courts, it is subject like all other suitors to the established rules of evidence. It must meet the burden of proof, its evidence must be relevant, material, the best attainable, and must be presented in due order under the regular rules of procedure. In all such respects it stands upon the same footing as ordinary litigants. Statutes of limitation do not apply to it, because the maxim *nullum tempus occurrit regi* though probably in its origin a part of royal prerogative has been adopted in our jurisprudence as a matter of important public policy. But rules of evidence and legal presumptions are not changed for or against the state as a suitor. A statute of limitation is a legislative bar to the right of action, but the presumption of payment from the lapse of time is not a bar at all but simply a rule of evidence, affecting the burden of proof: *Miller v. Williamsport Overseers,* 17 Pa. Superior Ct. 159. It is of equitable origin, founded on experience of the ordinary course of business

354

and human affairs, and adopted by the law in the interests of repose and the ending of litigation. There is no good reason why it should not apply to the commonwealth just as other legal rules and presumptions do. And so it has been ruled": *Ash's Estate,* 202 Pa. 422, 424. See also *Branklin v. Phila., Newtown & N. Y. R. R. Co.,* 286 Pa. 331, 334; *Com. v. Central Realty Co.,* 338 Pa. 172, 182; *Sargent's Estate,* 89 Pa. Superior Ct. 496, 501; *Myrtetus's Estate,* 69 Pa. Superior Ct. 318, 320.

While, unlike the bar of the statute of limitations, the presumption of payment of debts unclaimed and unrecognized for twenty years does not require a new promise or its equivalent to overcome it *(Devereux's Estate,* 184 Pa. 429, 432; *Sheafer v. Woodside,* 257 Pa. 276, 280; *Grenet's Estate,* 332 Pa. 111, 113), the presumption is, nevertheless, a strong one, and the evidence to rebut it must be satisfactory and convincing, especially where, as here, suit is not brought until after the death of the debtor. See *Fidelity T. & Tr. Co. v. Chapman,* 226 Pa. 312, 314; *Sheafer v. Woodside,* supra, 281. Moreover, although it has never been held that any lapse of time, however great, will render the presumption so conclusive that it may not be rebutted, it has been repeatedly held that where, as in the present case, there has been a lapse of more than thirty years, it is, in legal effect, so well nigh conclusive as to require the very clearest and most explicit kind of proof to dislodge it. See *Bartram's Estate,* 282 Pa. 536, 538; *Gilmore v. Alexander,* 268 Pa. 415, 422; *Branklin v. Phila., Newtown & N. Y. R. R. Co.,* supra, 335. The record in the present case discloses no direct evidence whatever as to non-payment of the Commonwealth's claim, the only evidence offered in support of the claim consisting of an itemized statement certified by one J. Paul Templeton, agent of the Department of Revenue at the Harrisburg Hospital, to be a true and correct statement, prepared from the

Hospital's "accounts receivable" ledgers, showing the amounts paid to the Hospital by the Commonwealth for the maintenance and support of the decedent, and a stipulation of counsel admitting that none of the accounts filed by the decedent's committee on May 1, 1891, June 4, 1900, and August 26, 1938, shows any payments to the Commonwealth, the County of York, or the Harrisburg State Hospital, which accounts it is contended "were an admission by the debtor made through persons legally appointed by the court to represent her and to pay debts of just this nature".

The itemized statement issued by the Department of Revenue is clearly no evidence as to the fact of nonpayment, but at most prima facie evidence of the amount expended by the Commonwealth for the support and maintenance of the decedent (Act of June 1, 1915, P. L. 661, section 5, as amended by the Act of April 25, 1929, P. L. 704, section 3; *Harnish's Estate*, 268 Pa. 128, 131), as to which there is no dispute. Nor are we able to follow the Commonwealth's argument that, because the accounts filed by the decedent's committee show no payments on account of its claim, they constitute admissions of non-payment. The accounts filed May 1, 1891, and June 4, 1900, are clearly of no aid to the Commonwealth's case, for, as was pointed out in *Gregory v. Commonwealth*, 121 Pa. 611, at 622, "the facts and circumstances relied on to rebut the presumption must necessarily be within twenty years before suit is brought". While the account filed August 26, 1938, is some indication that the charges for the decedent's maintenance from June 4, 1900, to September 23, 1906, the date of her death, were not met by her committee out of her individual estate, it is not sufficient to overcome the presumption for the obvious reason that it fails to take into account the well known fact that charges of this character may be, and frequently are, otherwise paid. See *Lefever's Estate*, 278 Pa. 196, 198. In this connection, there is a significant lack of evi-

dence of any demand ever having been made upon the decedent's committee or upon any person legally charge-able with the cost of her maintenance, and no evidence whatever tending to show that such demands would have been futile or otherwise satisfactorily accounting for the omission of the Commonwealth in thus attempting to enforce its claim.

Considering the age of the claim which it now seeks to assert against the estate of this decedent, more than thirty-two years after her death, the burden was upon the Commonwealth to prove its non-payment by evidence of such quantity and quality as to leave no room for reasonable doubt as to that fact. Since, as already indicated, the evidence relied upon is, in our opinion, clearly not of the character required under these circumstances, it follows that the court below committed no error in disallowing the claim.

Decree affirmed. Costs to be paid by the Commonwealth.