375 A.2d 320

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES**

v.

**WHEELING–PITTSBURGH STEEL CORPORATION, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 24, 1976.

Decided July 8, 1977.

434

———◆———

Paul A. Manion, Reed, Smith, Shaw & McClay, Pittsburgh, for appellant.

Thomas M. Burke, Asst. Atty. Gen., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from the December 10, 1975, pretrial order of Commonwealth Court, which precluded appellant, Wheeling-Pittsburgh Steel Corporation (Wheeling), from introducing evidence relevant to the issues of the validity of an administrative order of the Pennsylvania Department of Environmental Resources (DER) and the regulations upon which the order was predicated. The order further denied Wheeling a jury trial.

The facts surrounding this appeal are as follows. On June 9, 1972, appellant requested from appellee a variance from DER's regulations. Title 25, Pennsylvania Code, § 123.13 and § 123.41. Section 123.13 deals with the "Particulate Matter Emissions" and § 123.41 deals with "Visible Emissions." Appellant's request concerned its steel-making operation at its sinter plant in Monessen, Pennsylvania.

On September 25, 1972, pursuant to the variance request of Wheeling, DER issued Administrative Order No. 72–565–V, "Order Granting Temporary Variance." The order provided, inter alia:

"1. The granting of such a variance will not prevent or interfere with attainment or maintenance of

ambient air standards within the time prescribed by the Federal Clean Air Act and Rules and Regulations promulgated thereunder, inasmuch as the variance period requested extends only to April 30, 1973.

"2. The emissions from the source are likely to comply with Section 123.13 inasmuch as, at the expiration of the variance period, said emissions are not likely to exceed 0.02 grains per dry standard cubic foot.

"3. The granting of the variance, as requested, is reasonable inasmuch as the intermediate dates, and the completion dates set forth in the petition and incorporated into this order indicate that the company intends to effect the control of the source as quickly as is reasonably practicable.

"NOW, THEREFORE, this 25th day of September, 1972, the Department hereby grants a variance, as requested in the petition (a copy of said petition is attached hereto and marked Exhibit "A"), and further orders that the Wheeling-Pittsburgh Steel Corporation, its successors and assigns shall:

"(a) on or before April 30, 1973, complete the implementation of the control plan set forth in the aforementioned petition for a variance, which plan is hereby incorporated herein and made a part hereof;

"(b) on and after April 30, 1973, operate its sintering operation located at its plant at Monessen, Westmoreland County, Pennsylvania, in such a manner as to maintain the emissions of particulate matter to within the limits specified in Sections 123.1, 123.13 and 123.41 of Chapter 123 of the Rules and Regulations of the Department of Environmental Resources; and,

"(c) submit bimonthly progress reports to the Department of Environmental Resources, commencing on October 31, 1972 and continuing thereafter until compliance with paragraph (a) of this order is achieved.

"The foregoing variance is granted on condition that paragraphs (a), (b), and (c) of the foregoing order are complied with within the time specified for compliance.

"Compliance with the foregoing order shall be obtained in a manner that will not violate the Environmental Protection Statutes and Rules and Regulations promulgated thereunder.

"Nothing contained in this order shall be construed to prevent or limit the application of the provisions of Chapter 137 of the Rules and Regulations of the Department of Environmental Resources which relates to air pollution episodes.

"Any questions in connection with this action of the Department of Environmental Resources, as well as all progress reports, should be directed to Mr. James K. Hambright, Bureau of Air Quality and Noise Control, Department of Environmental Resources, Post Office Box 2351, Harrisburg, Pennsylvania 17105.

"Sincerely yours,
"HOWARD W. CHAPMAN

"Associate Deputy Secretary for

"Air, Water and Community Protection

"Attachments

"Notice of Appeal

"Rules of Practice and Procedure

"Air Pollution Control Act as Amended

"Rules & Regulations of the Department of Environmental Resources

"Exhibit 'A'—Petition for Variance"

The above order granted Wheeling a variance from the enforcement of DER regulations concerning particulate and visible emission from its Monessen plant until April 30, 1973. Thereafter the Monessen plant would be required to comply with all DER regulations pertaining to particulate and visible emissions. Wheeling did not ap-

peal the September 25, 1972 variance order to the Environmental Hearing Board.[1]

On April 15, 1975, DER filed a "Petition for Enforcement of Administrative Order" in the Commonwealth Court. The above petition sought compliance with the administrative order of September 25, 1972.

Wheeling filed an answer and new matter, which alleged that the DER regulations were invalid and unenforceable. Further, Wheeling sought a declaratory judgment concerning the validity of the regulations and also demanded a jury trial.

The Commonwealth Court, per President Judge Bowman, ordered the parties to brief the following issues:

"(a) May defendant in this proceedings attack DER Regulations 123.13 and 123.41 as invalid and unenforceable;

"(b) May defendant in this proceedings attack the DER order of September 25, 1972 (Order No. 72-565V) as invalid and unenforceable;

"(c) Is defendant, as a matter of law, entitled to a jury trial in this proceedings (i) by reason of the nature of the proceedings itself, or (ii) by reason of defendant invoking declaratory judgment relief in its answer to the petition for enforcement."

On December 10, 1975, Commonwealth Court denied Wheeling the right to introduce evidence concerning the issues of the *validity* of the September 25, 1972 variance, and of the regulations themselves; in addition, Commonwealth Court denied Wheeling a right to a jury trial.

1. See § 6 of the Air Pollution Control Act, the Act of January 8, 1960, P.L. 2119, as amended, 35 P.S. § 4006, and the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, 71 P.S. § 510-1, et seq., which provide for an appeal to the Environmental Hearing Board from DER orders. The procedures for perfecting an appeal are set forth in Chapter 21 of DER's rules and regulations, 25 Pa.Code § 21.1, et seq., and governed by the Administrative Agency Law, 71 P.S. § 1710.1, et seq.

On December 29, 1975, Wheeling filed an appeal to this Court from the December 10 order of Commonwealth Court. On December 30, 1975, Wheeling filed a petition with Commonwealth Court seeking a certification that the issues involved controlling questions of law and that a prompt determination of these issues would materially advance the disposition of the instant action. On January 7, 1976, the Commonwealth Court certified its order to this Court as involving controlling questions of law.

On January 28, 1976, DER filed a motion to quash the appeal. DER alleged that the December 10 order was not "final" and no appeal of right existed. DER further alleged that the issues involved were not "controlling" and, therefore, there was an improper certification by Commonwealth Court. DER also alleged that if the order was *not* a "final" order, Wheeling had not filed a petition for allowance of appeal with this Court. On February 4, 1976, Wheeling filed an answer to the motion to quash. On February 27, 1976, this Court directed that the motion to quash be heard at the time of argument.

## I. MOTION TO QUASH

A. APPEALABILITY OF THE ORDER PRECLUDING ATTACK ON THE VALIDITY OF THE ADMINISTRATIVE ORDER AND DER REGULATIONS.

DER argues that the December 10 order of Commonwealth Court is not a *final* order of that court and, therefore, Wheeling does not have a right of direct appeal to this Court. We do not agree. Section 203 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 203, provides:

" . . . Appeals from the Commonwealth Court

"The Supreme Court shall have exclusive jurisdiction of appeals from all final orders of the Commonwealth

Court entered in any matter which was originally commenced in said court and which does not constitute an appeal from another court, an administrative agency or a justice of the peace. Any final order of the Commonwealth Court entered in any appeal from a decision of the Board of Finance and Revenue shall be appealable to the Supreme Court, as of right, under this section."

The basis of this litigation is a petition to enforce an administrative order originally filed in Commonwealth Court. The gravamen of argument is whether the order of Commonwealth Court, limiting Wheeling's right to introduce evidence as to the validity of the variance order and the regulations, constitutes a final order for purposes of appellate review.

In *Posternack v. Am. Cas. Co. of Reading*, 421 Pa. 21, 23–24, 218 A.2d 350, 351 (1966), this court determined that a pretrial order denying a party leave to amend an answer so as to assert a new affirmative defense constituted a "final" order for purposes of appeal. In *Posternack*, this Court, per Mr. Justice (now Chief Justice) Eagen, stated:

" . . . The order is not interlocutory, and the motion to quash will be overruled. The new defense proposed is affirmative in nature and must be pleaded, otherwise it is waived. See, Pa.R.C.P. 1030, 1032, and *Lang v. Recht*, 171 Pa.Super.Ct. 605, 91 A.2d 313 (1952). The order involved effectively precludes proof at trial of what might possibly be a complete defense to the cause sued upon. As to this defense, at least, the order appealed from puts the defendant 'out of court'. It is, therefore, an appealable order." See *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and *Bell v. Benefic. Consumer Co.*, 465 Pa. 225, 348 A.2d 734 (1975).

■ In the instant case, the order of Commonwealth Court precluded Wheeling from presenting its "affirmative defenses" concerning the validity of the September 25, 1972 order or of DER air pollution regulations.

The refusal to allow evidence of a "possibly" meritorious defense effectively puts Wheeling out of court and, therefore, the order is "final" for appeal purposes.

## B. APPEALABILITY OF THE ORDER CONCERNING THE RIGHT TO TRIAL BY JURY.

■ DER next argues that the order denying Wheeling the right to trial by jury is not a final order. We agree. In *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977), this court defined a "final order" as follows:

" . . . In ascertaining what is a 'final order,' we have looked beyond the technical effect of the adjudication to its practical ramifications. *Bell v. Benefic. Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975). We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. *Piltzer v. Independence F.S. & L. Assn.*, 456 Pa. 402, 319 A.2d 677 (1974); *James Banda, Inc. v. Va. Manor Apts., Inc.*, 451 Pa. 408, 303 A.2d 925 (1973). Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.' *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968)."

In the instant case, the denial of the right to trial by jury does not put the litigant "out of court," and therefore the order is not final for appeal purposes.

Wheeling, in rebuttal, argues that if the order concerning the right to trial by jury is not a "final order" then this court should accept the certification of Commonwealth Court that the issue presents a "controlling issue of law." We do not reach the merits of this argument

because of Wheeling-Pittsburgh's failure to comply with § 501(b) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 233, art. V, § 501, 17 P.S. § 211.501.

Section 501(b) provides:

"(b) Discretionary Allowance of Appeals.—When a court or administrative agency, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such order. A petition for an allowance of an appeal under this subsection shall not stay the proceedings before the lower court or administrative agency, unless the lower court or agency or the appellate court or a judge thereof shall so order."

Wheeling did not file a petition for allowance of appeal in this Court after the certification by the Commonwealth Court. Pa.R.A.P. 1102, however, permits this Court to treat an "improvidently taken" appeal under Pa.R.A.P. 1101 as a petition for allowance of appeal. Treating the instant appeal, concerning the right to trial jury, as a petition for allowance of appeal, such petition is denied.[2]

2. "Rule 1101(a) Scope of rule. This rule applies to any appeal to the Supreme Court from an order of the Commonwealth Court entered in:
 (1) Any matter which was originally commenced in the Commonwealth Court and which does not constitute an appeal from another court, an administrative agency or a district justice of the peace.
 (2) Any appeal from a decision of the Board of Finance and Revenue."
"Rule 1102. Improvident Appeals. If an appeal is improvidently taken to the Supreme Court under Rule 1101 (appeals as of right

## II. MERITS OF THE APPEAL

Appellant argues that Commonwealth Court erred in prohibiting an attack on the validity of the September 25, 1972, order and DER regulations. We do not agree. On December 10, 1975, Commonwealth Court determined that Wheeling ". . . *shall not have the right to introduce evidence relevant to the issues of the validity of the order in question or the DER regulations upon which it was predicated. . . .*"

Wheeling did not appeal the administrative order of September 25, 1972. This order granted a variance to Wheeling until April 30, 1973, and further required compliance after April 30 with the particulate matter and visible emission regulation.[3]

In *Commonwealth v. Derry Tp.*, 466 Pa. 31, 38–39, 351 A.2d 606, 610 (1976), this court, in considering a similar failure to use statutory appeal procedures precluding collateral attack on the validity of the questioned order and underlying regulations, noted:

" . . . No appeal was taken by Derry to the Environmental Hearing Board. The failure to appeal made that order *final and foreclosed any attack on its content or validity in the enforcement proceeding.*" (Emphasis added.)

from the Commonwealth Court) in a case where the proper mode of review is by petition for allowance of appeal under this chapter, this alone shall not be a ground for dismissal, but the papers whereon the appeal was taken shall be regarded and acted on as a petition for allowance of appeal and as if duly filed at the time the appeal was taken.
> Note: Based on Section 204(b) of the Appellate Court Jurisdiction Act of 1970 (17 P.S. § 211.204(b)) and makes no change in substance. In a similar fashion, any motion to quash the appeal would be regarded as a brief in opposition to the petition under Rule 1116 (brief in opposition to petition)."

**3.** The record is clear that Wheeling was advised of its appeal rights but chose not to exercise those rights. See also Footnote 1, supra.

In *Com. ex rel. Dunson v. Erie Ins. Exch.*, 465 Pa. 240, 245, 348 A.2d 742, 744 (1976), we stated:

"Moreover, it is well settled that 'where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress [cites omitted]. This is particularly true of *special statutory appeals from the action of administrative bodies. White et al. v. Old York Road Club et al.*, 318 Pa. 346, 178 A. 3; *Taylor v. Moore*, 303 Pa. 469, 154 A. 799; *Ermine v. Frankel et al.*, 322 Pa. 70, 185 A. 269.' [Emphasis supplied.] *Colteryahn Sanitary Dairy v. Milk Control Commission of Pennsylvania*, 332 Pa. 15, 23–24, 1 A.2d 775, 780 (1938). Cf. *Pennsylvania Life Insurance Company v. Pennsylvania National Life Insurance Company* [417 Pa. 168, 208 A.2d 780 (1965)]. It follows that the Exchange, having failed to appeal from the Commission's adjudication and order of April 14, 1972, is now precluded from contesting the merits of the Commission's decision in subsequent enforcement proceedings."

In the instant case, Wheeling was notified of its right to appeal the September 25, 1972 order. No appeal was taken; therefore, Wheeling is precluded from attacking the validity or content of either the order or the underlying regulations in the instant enforcement proceeding.

The order of the Commonwealth Court is affirmed, and the case remanded to that court for further proceedings. The motion to quash is granted in part and denied in part.

POMEROY, J., filed a concurring and dissenting opinion.

JONES, former C. J., and NIX, J., took no part in the consideration or decision of this case.

POMEROY, Justice, concurring and dissenting.

The order of the Commonwealth Court dated December 10, 1975 prohibits appellant Wheeling from introducing at trial evidence relative to the validity of the September 25, 1972 order of the DER and regulations in support thereof; it also denies Wheeling's request for a jury trial. Had the order been directed only to the latter point, certainly the correct disposition of an appeal therefrom would be to quash as interlocutory. As it is, however, it seems to me that the Court is being more technical than practical in isolating the jury trial portion of the order and quashing it. All agree that the principal part of the order of the Commonwealth Court, that which denies Wheeling the opportunity to present evidence relevant to a complete defense, is a final order and hence properly before us. *See, e. g., Posternack v. American Casualty Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966). Because of this I can see no jurisprudential purpose to be served by our delaying a decision on the jury trial question; we are still obliged now to entertain the appeal from that portion of the order below which is final, and a decision now on the jury issue might avoid a later appeal and a duplicative trial proceeding.*

By way of analogy, the same considerations of judicial economy and convenience which impel federal courts to entertain jurisdiction over a "pendent" state cause of action, of which a federal court would not otherwise have subject matter jurisdiction, suggest that the more prudent approach in the case at bar is for the Court to hear the appeal in its entirety. See *United Mine Workers v.*

---

* There may be cases where the issue involved in the "final" portion of an order appealed from is so lacking in substance as to be frivolous. Where this is so, I believe an appellate court should decline to exercise its discretion to decide the non-final issues, lest it lend encouragement to the use of the appealable aspect of the order as a mere vehicle for having interlocutory claims heard on appeal. Cf. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

*Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

For the reasons above indicated, I dissent from the Court's partial grant of appellee's motion to quash. In all other respects, I join in the opinion of Mr. Justice O'BRIEN.