394 A.2d 491

PENNSYLVANIA TURNPIKE COMMISSION, Appellant,

v.

ATLANTIC RICHFIELD COMPANY.

ATLANTIC RICHFIELD COMPANY, Appellant,

v.

PENNSYLVANIA TURNPIKE COMMISSION.

Supreme Court of Pennsylvania.

Argued Oct. 19, 1978.

Decided Nov. 18, 1978.

Howard M. Levinson, Harrisburg, for Pennsylvania Turnpike Comm.

Robert M. Landis, Philadelphia, for Atlantic Richfield Co.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On December 14, 1953, the Pennsylvania Turnpike Commission (Commission) executed a written lease with Atlantic Richfield Company (ARCO) for three parcels of property along the Delaware River Extension of the Pennsylvania Turnpike. On February 13, 1956, the parties executed a similar lease for two additional parcels along the Turnpike's Northeast Extension. The monthly rental payments for the parcels were based upon a percentage of gross sales for different types of products sold at ARCO's service stations located on the leased parcels. Payments were made monthly, with the Commission periodically auditing ARCO's books.

On January 29, 1974, the Commission filed a complaint in assumpsit in Commonwealth Court alleging that ARCO had failed to make rental payments as called for in the leases. The Commission sought an accounting from ARCO from the beginning of the leases (1953 and 1956, respectively), and judgment against ARCO for the amount of the alleged rental underpayments.

In its answer to the complaint, ARCO denied any error in its monthly rental payments and, by way of new matter, asserted the defenses of laches and the statute of limitations to the Commission's claim. On March 8, 1977, ARCO filed a motion for summary judgment based upon these two defenses.

On July 21, 1977, Commonwealth Court issued an order which granted ARCO's motion for summary judgment as to all alleged underpayments made more than six years prior to the date the Commission filed suit. ARCO's motion was denied in all other respects. *Pa. Turnpike Commission v. ARCO*, 31 Pa.Cmwlth. 212, 375 A.2d 890 (1977). On August 18, 1977, the Commission filed a notice of appeal to this court at No. 618 January Term, 1977, and ARCO subsequently filed a timely cross-appeal at No. 626 January Term, 1977. ARCO then filed a motion to quash the Commission's appeal, and the Commission filed a motion to quash ARCO's cross-appeal. On October 12, 1977, we reserved decision on both motions to quash until after oral argument before the court on the merits of both appeals.

### No. 618 January Term, 1977
### PENNSYLVANIA TURNPIKE COMMISSION APPEAL

In this appeal, the Commission argues that Commonwealth Court erred in holding that the statute of limitations barred all claims over six years old from the date of filing the assumpsit action. The Commission argues that since it is an instrumentality of the Commonwealth of Pennsylvania, it is not subject to the statute of limitations where it suffered a loss of public funds in pursuit of its governmental function. In its motion to quash this appeal, ARCO argues that the order appealed from is an interlocutory, nonfinal order.

A. *Appealability.*

The Judicial Code provides:

" . . . The Supreme Court shall have exclusive jurisdiction of appeals from *final orders* of the Commonwealth Court entered in any matter which was originally commenced in said court and which does not constitute an appeal to the Commonwealth Court from another court, a district justice or another government unit." Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 723(a). (Emphasis added.)

In deciding whether the Commission's appeal must be quashed, we must first determine if the order of Commonwealth Court granting ARCO's motion for summary judgment as to all claims over six years old is a final order. We find that it is final and we must, therefore, deny ARCO's motion to quash and consider the merits of the Commission's appeal.

In *Bell v. Beneficial Consumer Co.*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), we stated:

"Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. We follow the reasoning of the United States Supreme Court that a finding of finality must be the result of a practical rather than a technical construction. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949)."

In *Commonwealth v. Wheeling-Pitt. Corp.*, 473 Pa. 432, 375 A.2d 320 (1977), this court stated:

"In *Posternack v. Am. Cas. Co., of Reading*, 421 Pa. 21, 23–24, 218 A.2d 350, 351 (1966), this court determined that a pretrial order denying a party leave to amend an answer so as to assert a new affirmative defense constituted a 'final' order for purposes of appeal. In *Posternack*, this Court, per Mr. Justice (now Chief Justice) Eagen, stated:

' . . . The order is not interlocutory, and the motion to quash will be overruled. The new defense

proposed is affirmative in nature and must be pleaded, otherwise it is waived. See, Pa.R.C.P. 1030, 1032, and *Lang v. Recht*, 171 Pa.Super. 605, 91 A.2d 313 (1952). The order involved effectively precludes proof at trial of what might possibly be a complete defense to the cause sued upon. As to this defense, at least, the order appealed from puts the defendant "out of court." It is, therefore, an appealable order.' See *Cohen v. Beneficial Industrial Loan Corp.* [supra] and *Bell v. Benefic. Consumer Co.* [supra]."

While the order in the instant case does not dispose of the entire case, it terminates all litigation as to those claims of the Commission against ARCO which are more than six years old from the date the assumpsit action was filed. Therefore, we must deny ARCO's motion to quash the Commission's appeal.

### B. *Merits.*

We now turn to the Commission's claim that it is not subject to the statute of limitations.

In *Frey's Estate*, 342 Pa. 351, 353, 21 A.2d 23, 24 (1941), we stated:

"Statutes of limitation do not apply to [the Commonwealth], because the maxim 'nullum tempus occurrit regi,[1]' though probably in its origin a part of royal prerogative has been adopted in our jurisprudence as a matter of important public policy."

However, in *Specter v. Commonwealth*, 462 Pa. 474, 493, 341 A.2d 481, 491 (1975), we stated:

". . . It is clear that the [Pennsylvania Turnpike] Commission is not an integral part of the Commonwealth, and cannot share the attributes of sovereignty which inhere in the state. . . ."

---

1. "Times does not run against the king." Black's Law Dictionary 1217 (Rev. 4th Ed. 1968).

*Specter* clearly precludes the Commission from asserting any aspects of sovereignty or rights of the sovereignty as articulated in *Frey's Estate*.[2]

The Commission seeks to avoid the mandate of *Specter* by relying upon *Phila. v. Holmes E. P. Co.*, 335 Pa. 273, 6 A.2d 884 (1939), where we held that the statute of limitations may not be pleaded against political subdivisions seeking to enforce strictly public rights:

> ". . . [T]hat is, when the cause of action accrues to them in their governmental capacity and the suit is brought to enforce an obligation imposed by law *as distinguished from one arising out of an agreement voluntarily entered into by the defendant.* . . ." Id., 335 Pa. at 278, 6 A.2d at 887. (Emphasis added.)

■ As the instant case involves an action on an agreement voluntarily entered into by the Commission, the "public right" exception of *Holmes* is not applicable. The Commission is unable to cite any authority which supports its contention that the statute of limitations cannot be pleaded in the instant case. Therefore, that portion of the Commonwealth Court's order which granted ARCO's motion for summary judgment as to all claims over six years old from the date of filing suit is affirmed.

### No. 626 January Term, 1977
### ARCO CROSS–APPEAL

■ In its cross-appeal, ARCO claims that the Commonwealth Court erred when it partially denied ARCO's motion for summary judgment. We do not agree. We believe, as does the Commission, that ARCO's cross-appeal must be quashed, as that portion of the Commonwealth Court's order is neither final nor one of the interlocutory orders which may be appealed. See Pa.R.App.P. 311.

Applying the practical consideration mandated by *Bell v. Beneficial, supra,* and analogizing the instant case to *Wheel-*

---

2. We need not and do not decide whether the holding of *Frey's Estate* is of continued vitality after *Mayle v. Pa. Dept. of Highways*, 479 Pa. 384, 388 A.2d 709 (1978).

*ing-Pitt, supra,* and *Posternack, supra,* it is clear that while an order granting summary judgment is final and appealable, one denying such judgment does not terminate the litigation, and hence is not an appealable order. The Commonwealth Court's order denying ARCO's motion for summary judgment is not a final order.

ARCO's cross-appeal is quashed.

Order of the Commonwealth Court, appealed at No. 618 January Term, 1977, is affirmed. The motion to quash that appeal is denied.

The appeal at No. 626 January Term, 1977, is quashed.

POMEROY, J., files a concurring and dissenting opinion.

NIX, J., files a concurring and dissenting opinion.

POMEROY, Justice, concurring and dissenting.

I join the Court's holding that the appeal of Atlantic Richfield Company (ARCO) at No. 626 should be quashed, but, unlike the majority, I would quash also the appeal of the Pennsylvania Turnpike Commission (the Commission) at No. 618. Although I happen to agree fully with the majority's treatment of the Commission's appeal on the merits, I am obliged to say that in my view this question should not be entertained by this Court at this time.

In insisting upon a final order as the normal prerequisite to an appeal, we have time and again indicated our disfavor of piecemeal litigation in the appellate courts "'and the consequent protraction of litigation.'" *Piltzer v. Independence Federal Savings and Loan Ass'n,* 456 Pa. 402, 406, 319 A.2d 677, 678 (1974), *quoting Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954). *Accord, Pugar v. Greco,* 483 Pa. ——, ——, 394 A.2d 542, 545–546 (1978); *McGee v. Singley,* 382 Pa. 18, 22, 114 A.2d 141, 143 (1955). "We have variously defined a final order as one which *ends the litigation,* or alternatively disposes of the *entire case.* Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.'" *T. C. R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724

(1977) (emphasis added) (citations omitted). See also, *e. g.,*
*Pugar v. Greco, supra,* 483 Pa. at ——, 394 A.2d at 542;
*Brown Estate,* 446 Pa. 401, 406–07 & n.5, 289 A.2d 77 (1972),
and cases cited therein; *Stadler v. Mount Oliver Borough,*
373 Pa. 316, 317–18, 95 A.2d 776 (1953), and cases cited
therein.

The majority acknowledges that the order of the Com-
monwealth Court (the trial court in this case), which sus-
tained ARCO's statute of limitations defense to all claims
over six years old, does not dispose of the entire case. But it
is said that the order of the lower court precludes determi-
nation of a large part of the cause of action asserted by the
Commission—*i. e.,* that portion of the claim relating to the
period more than six years prior to the date of commence-
ment of the action. I cannot agree that this is dispositive.[1]

1. This case is not controlled by *Commonwealth v. Wheeling-Pitts-
burgh Steel Corp.,* 473 Pa. 432, 375 A.2d 320 (1977), and *Posternack
v. American Casualty Ins. Co. of Reading,* 421 Pa. 21, 218 A.2d 350
(1966), upon which the majority relies. In those cases, trial court
orders precluded the pleading of defenses which might be a complete
defense to the *entire* lawsuit. See *Commonwealth v. Wheeling-Pitts-
burgh Steel Corp., supra,* 473 Pa. at 437, 375 A.2d 320 (validity of
administrative agency order and the regulations upon which the
order was based); *Posternack v. American Casualty Co., supra,* 421
Pa. at 25, 218 A.2d 350 (collateral estoppel by reason of prior suit in
federal court). In this case, however, only part of the suit is in-
volved. Moreover, the defense of the statute of limitations has
already been pleaded, and hence the waiver problem deemed impor-
tant in *Wheeling-Pittsburgh* and *Posternack* does not obtain here.

The jurisdictional question presented here is instead similar to
those presented in *Marshall v. Powers,* 477 Pa. 306, 383 A.2d 946
(1978), and *Adcox v. Pennsylvania Manufacturers' Casualty Ins. Co.,*
419 Pa. 170, 213 A.2d 366 (1965). In both *Marshall* and *Adcox,*
orders striking previously pleaded legal defenses were held interlocu-
tory. In the instant case, the previously pleaded statute of limita-
tions defense also involves undisputed facts and a pure question of
the application of law to those facts. In addition, since the issue has
been pleaded and was decided at the summary judgment stage, it is
"preserved and will be considered should the occasion arise for an
appeal to be taken in the ordinary course of this litigation." *Adcox,
supra,* 419 Pa. at 174, 213 A.2d at 368. Stated another way, the
Commonwealth Court's holding on the statute of limitations question
can be reviewed again by that court after trial and can be reviewed
by this Court should an appeal from final judgment be taken pursu-
ant to Section 723(a) of the Judicial Code, 42 Pa.C.S. § 723(a)
(Special Pamphlet, 1978). Thus, as in *Pugar v. Greco, supra,* 483 Pa.

The Commission's complaint in assumpsit is for breach of certain lease agreements in that, allegedly, ARCO underpaid the rent due under the lease. That rent is based in part upon a percentage of certain of the lessee's gross receipts. ARCO's answer makes it clear that the dispute is over what exact percentage of the receipts is due as rent under the leases. The complaint avers that the asserted deficiency in rental payments has been continuous since the beginning of the terms of the leases over twenty years ago. But we have no idea at this stage whether the Commission can prevail on the merits of the suit, i. e., what percentage of gross receipts is owed as rent under the leases. Our resolution of the statute of limitations question at this point is thus essentially a premature determination of the measure of damages. See *Safety Tire Corp. v. Hoffman Tire Co.,* 458 Pa. 102, 329 A.2d 834 (1974). Such a determination, of course, could not be dispositive of the merits even if we were to decide the statute of limitations issue in the Commission's favor. Since the Commission has not been precluded from proving the merits of its claim, it is not—at least not yet—out of court, and the lower court order before us is therefore interlocutory. See *Pugar v. Creco, supra* ; *Safety Tire Corp. v. Hoffman Tire Co., supra; Marino Estate,* 440 Pa. 492, 269 A.2d 645 (1970); *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 463, 246 A.2d 353, 355 (1968).[2]

at ——, 394 A.2d at 542, the Commonwealth Court's decision here on the statute of limitations question does not adversely affect a right which will be irreparably lost if appellate review is postponed. See *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975).

2. Today's decision is also inconsistent with Pa.R.Civ.P. 1035(b), which provides in pertinent part: "A summary judgment, *interlocutory in character,* may be rendered on the issues of liability alone even though there is a genuine issue as to the amount of damages." (Emphasis added). The Superior Court has quite properly held, pursuant to the plain language of the rule, that an appeal from an entry of summary judgment on liability only is not an appeal from a final order. *Newell v. Piccolomini,* 228 Pa.Super. 220, 323 A.2d 40 (1974). The viability of this decision is, I fear, rendered suspect by the conceptual basis of the majority's holding today.

We indicated in *Marshall v. Powers, supra,* that immediate appellate review of orders of the kind here involved can be secured pursuant to a certification by the trial court and a petition for allowance of an interlocutory appeal to the appellate court. Judicial Code § 702(b), 42 Pa.C.S. § 702(b) (Special Pamphlet, 1978).[3] Since the order appealed from is interlocutory, and since such certification by the lower court is absent here, I would quash the Commission's appeal at No. 618, and therefore respectfully dissent in part.

NIX, Justice, concurring and dissenting.

In my judgment the appeal of the Pennsylvania Turnpike Commission at No. 618 should be quashed. Accordingly, I do not reach the merits of the Commission's appeal in this lawsuit and do not express any opinion as to that subject. The majority in concluding that the order of the Commonwealth Court granting Atlantic Richfield's motion for summary judgment as to all alleged underpayments made more than six years prior to the date of the commencement of suit relied heavily upon this Court's decision in *Commonwealth v. Wheeling-Pittsburgh Steel Corp.,* 473 Pa. 432, 375 A.2d 320 (1977). While I did not participate in the consideration or decision in *Wheeling, supra,* I am presently of the view that the result reached in that decision was incorrect. It is my opinion that the present order and the order in *Wheeling* were not final orders that would permit immediate appellate review.*

3. Section 702(b) codifies Section 501(b) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. V, 17 P.S. § 211.501(b) (Supp.1978). See also Pa.R.A.P. 1301–1323. This Court has found that this statutory procedure provides a useful means for the decision of substantial, albeit interlocutory, questions. *E. g., Commonwealth v. Moody,* 476 Pa. 223, 228 & n.7, 382 A.2d 442 (1977) (constitutionality of Pennsylvania death penalty statute of 1974). While one can but guess how the Commonwealth Court, if presented with a certification petition in this case, would have exercised its discretion, I for one would have been willing to allow an appeal had such certification been made.

* I am not satisfied with the jurisprudential soundness of the distinction suggested by Mr. Justice POMEROY in his Concurring and Dissenting Opinion, (see opinion, *supra,* 495 n.1), (distinguishing

I am in agreement with the majority of the Court that the appeal of Atlantic Richfield Company at No. 626 should be quashed. I would therefore quash both of these appeals and postpone consideration of the merits until a final order has been entered in the court below.

between court orders that preclude the pleading of defenses which might provide a complete defense to the entire lawsuit and those which do not).