J-A13036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAY FULKROAD & SONS., INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BOROUGH OF NORTHUMBERLAND | : | No. 443 MDA 2022 |

Appeal from the Order Entered February 9, 2022
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2019-2088

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED SEPTEMBER 29, 2023**

Appellant, Jay Fulkroad & Sons, Inc., appeals from the February 9, 2022, order entered in the Court of Common Pleas of Northumberland County, which denied Appellant's motion for summary judgment.  After a careful review, we quash this appeal.

The relevant facts and procedural history are as follows: On March 31, 2020, Appellant, a private business entity, filed a complaint against the Borough of Northumberland ("the Borough"). Appellant averred the Borough entered into a written contract with Appellant on or about November 24, 2014, pursuant to which Appellant agreed to perform work for the Borough. Specifically, Appellant averred the Borough contracted with Appellant for the

_____

[*] Former Justice specially assigned to the Superior Court.

public construction project of making improvements to the wastewater treatment facility owned and operated by the Borough ("the Project").

Appellant further averred that, during the course of the Project, the Borough repeatedly requested that Appellant perform work outside the scope of the original November 24, 2014, contract ("the Extra Work"), and thus, Appellant was entitled to an increase in the contract amount with regard to the Project. Appellant indicated that, taking into account all payments received to date and the amount due for the Extra Work, the Borough wrongly refused to pay Appellant $1,358,493.48.

Appellant noted that, before commencing any formal dispute resolution proceedings, Appellant and the Borough representatives, along with their respective attorneys, met on or about August 14, 2018, and amicably resolved many of the outstanding requests for change orders related to the Extra Work. As evidence of this assertion, Appellant attached to its complaint a letter, dated October 2, 2018, which Appellant's counsel sent to the Borough's counsel to confirm the parties' understanding of the meeting.

Specifically, the October 2, 2018, letter relevantly confirmed that, subject to formal approval by the Northumberland Borough Council, the parties agreed the unpaid balance of the base contract was $620,837.65. The Borough agreed to pay various change orders related to the Extra Work while withholding certain sums for the Borough's delay and seeding claims. Thus, Appellant agreed to submit a payment for application in the amount of

$565,837.65, and the Borough agreed to submit the application to Pennvest for payment.[1]

Thereafter, on October 2, 2018, Appellant submitted to the Borough its payment application for $565,837.65 based upon the partial agreement; however, the Borough did not pay it. Despite this non-payment by the Borough, the parties continued to meet to resolve the remaining issues; however, they could not resolve the issues and concluded they needed the assistance of a trained construction mediator.

Appellant noted that, in accordance with the terms of the November 24, 2014, contract, before filing the instant complaint, it commenced a mediation proceeding with the AAA. The parties attended mediation sessions on July 24 and 25, 2019, and Appellant averred that, at the conclusion of the mediation, the parties reached a settlement of all claims, counterclaims, and issues related to the Project. Accordingly, prior to leaving the mediation session, the parties prepared a written "Memorandum of Understanding," which confirmed the material terms of the settlement agreement. The Memorandum of

---

[1] The letter also outlined the parties' agreement as to the Soil Conversation District providing written approval of Appellant's seeding work. Further, the letter indicated there were several change orders upon which the parties could not agree, the parties would continue informal settlement discussions of these change orders, and if needed, the claims would be submitted for formal mediation administered by the AAA. The parties continued to retain all rights, defenses, actions, claims, and causes of action, which survived the partial agreement.

Understanding was authorized by the attorneys for both parties, as well as the mediator on July 25, 2019.

In its complaint, Appellant averred the Memorandum of Understanding is a valid settlement agreement; however, the Borough breached the settlement agreement by failing to pay the agreed final payment of $954,837.00, failing to execute a final compensating change order increasing the contract sum by $155,000.00, and failing to execute a general release in favor of Appellant. Further, Appellant averred it is entitled to penalties, including costs, attorneys' fees, and interest, under the Prompt Pay Act of the Commonwealth Procurement Code, 62 Pa.C.S.A. §§ 3931–3939.

Accordingly, Appellant presented in Count 1 a claim for breach of contract to enforce the settlement agreement reached by the parties following mediation as set forth in the Memorandum of Understanding; in Count 2, a claim of breach of contract of the agreed partial settlement reached prior to mediation as set forth in the October 2, 2018, letter; in Count 3, a claim of unjust enrichment; and in Count 4, a claim of violation of the Prompt Pay Act.

On September 26, 2020, the Borough filed an answer with new matter to Appellant's complaint, to which Appellant filed a reply.

On March 22, 2021, Appellant filed a motion for summary judgment averring that, since the Borough never paid any portion of the agreed upon $954,837.00, including $565,837.65 due under change order number 1 or the added $338,999.35 under the Memorandum of Understanding, there are no

genuine issues of material fact concerning the Borough's liability for the breach of contract and unjust enrichment claims. Thus, Appellant asserted it is entitled to judgment as a matter of law. Appellant also asserted there is no genuine issue of material fact that the Borough's unjustified non-payment constitutes violations of the Prompt Pay Act. Thus, Appellant asserted it is entitled to penalties, including costs, attorneys' fees, and interest, as a matter of law.

On April 19, 2021, the Borough filed a response to Appellant's motion for summary judgment averring that all contracts were superseded or rendered moot by the Memorandum of Understanding. However, the Borough admitted it did not pay Appellant the $954,837.00 due under the Memorandum of Understanding.

Thereafter, on July 14, 2021, the parties reached an agreement resulting in the Borough remitting the settlement amount of $954,837.00 to Appellant. However, the parties could not reach an agreement as to Appellant's claims for interest, penalties, costs, and attorneys' fees under the Prompt Pay Act. Accordingly, on December 1, 2021, the parties proceeded to oral argument on Appellant's motion for summary judgment.

On February 9, 2022, the trial court entered an order, which relevantly provided as follows:

> 1. The parties had previously reached a settlement agreement dated July 14, 2021, which resolved some claims set forth in [Appellant's] Complaint.

2.      Upon review of the settlement agreement, the [trial] court recognizes that Counts 1, 2, and 3 of [Appellant's] Complaint have been settled and are no longer part of this litigation.

3.      The only question remaining is whether the Prompt Pay Act applies to this action, and, if so, what the calculation of damages would be.

4.      [The trial] court has reviewed the prevailing case law and all the documents provided by both [Appellant] and [the Borough], including the briefs submitted to the court.

WHEREFORE, the [trial] court finds, as a matter of law, that the contract at issue is not the original construction contract.  The Prompt Pay Act only applies to construction contracts, and this settlement contract is not a construction contract.  This settlement contract contains its own express terms, mutual promises, and consideration, namely the foregoing of liability.  It is, as [the Borough] indicates, its own contract.  It is admitted by the parties that the basis of the settlement contract is the underlying construction contract.  [The trial] court, however, is persuaded that a settlement agreement is separated from the underlying contract enough that the statue no longer applies.  It is a strict reading of this statute which permits the [trial] court to hold that a settlement agreement is outside of the Prompt Pay Act's scope.  As the [trial] court finds that to be the case, there is no need to determine the attorneys' fees pursuant to bad faith.

[Appellant's] Motion for Summary Judgment is DENIED.

Trial Court Order, filed 2/9/22, at 1-2 (footnote omitted).

Thereafter, on March 3, 2022, the Borough filed a motion for summary judgment. Specifically, the Borough averred that, although it did not immediately pay the settlement amount under the Memorandum of Understanding, the parties came to an agreement after Appellant filed its March 19, 2021, motion for summary judgment, which resulted in the Borough remitting the payment for the settlement amount of $954,837.00 to Appellant. Accordingly, the Borough indicated there are no outstanding issues as to

Counts 1, 2, and 3 of Appellant's complaint. However, the Borough requested the trial court enter judgment in the Borough's favor as to Count 4 regarding Appellant's request for penalties under the Prompt Pay Act.

On March 4, 2022, Appellant filed a motion seeking prejudgment interest at the legal rate of 6% per annum as compensation for the delayed payment, which was not made until July 15, 2021. Further, Appellant requested the trial court reconsider its failure to award penalties to Appellant under the Prompt Pay Act.

On March 10, 2022, Appellant filed the instant notice of appeal to this Court from the trial court's February 9, 2022, order, which denied Appellant's motion for summary judgment. On May 3, 2022, the trial court filed an order directing Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). In the order, the trial court noted there are outstanding issues to be addressed after this Court relinquishes its jurisdiction. Appellant filed a timely Rule 1925(b) statement, and the trial court filed a brief statement in lieu of opinion.

On appeal, Appellant presents the following issues in its "Statement of Questions Involved" (verbatim):

1. Did the Trial Court commit reversible error when it denied Plaintiff's Motion for Summary Judgment, despite the absence of any genuine issue of material fact regarding Defendant, Northumberland's violation of the Prompt Pay provisions of the Commonwealth Procurement Code, 62 Pa.C.S.A. § 3941 (the "Prompt Pay Act")?

2. Did the Trial Court commit reversible error when it denied the Plaintiff's Motion for Summary Judgment, finding that the debt owed Plaintiff was not owed under a construction contract falling within the scope of the Prompt Pay Act?

3. Did the Trial Court commit reversible error by denying Fulkroad's Motion for Summary Judgment by finding that the recovery of interest, penalties, costs, and attorneys' [fees] under the Prompt Pay Act was somehow waived by the terms of the Partial Settlement Agreement dated July 14, 2021, when the unequivocal terms of such Partial Settlement Agreement expressly preserved and did not release any and all of "Plaintiff's claims for interest, penalties, costs, and attorneys' fees?"

4. Did the Trial Court commit reversible error by finding that the Partial Settlement Agreement somehow released Plaintiff's claims for pre-judgment interest due at the legal rate of 6% per annum as a matter of right in all breach of contract actions, when the unequivocal terms of such Partial Settlement Agreement relied upon by the Court expressly preserved and did not release any and all of "Plaintiff's claims for interest, penalties, costs, and attorneys' fees?"

Appellant's Brief at 5-6 (suggested answers omitted).

Before we may address the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain this appeal. A court's jurisdiction is a threshold issue that the court may consider at any time. **See McCutcheon v. Philadelphia Elec. Co.**, 567 Pa. 470, 788 A.2d 345, 349 (2002). Accordingly, we must determine whether the trial court's February 9, 2022, order is appealable since "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa.Super. 2009).

Pennsylvania law makes clear:

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by

- 8 -

permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Stahl v. Redcay***, 897 A.2d 478, 485 (Pa.Super. 2006).

A final order is one that disposes of all the parties and all the claims, or is entered as a final order pursuant to the trial court's determination under Rule 341(c). ***See*** Pa.R.A.P. 341(b)(1), (3). Here, Appellant contends the trial court's February 9, 2022, order is a final order under Pa.R.A.P. 341(b). Specifically, Appellant contends the trial court's order disposed of all claims and all parties.

Our review of the record confirms the trial court's February 9, 2022, order denied Appellant's motion for summary judgment. It is well-settled that the denial of a motion for summary judgment is interlocutory and generally not appealable. ***See Pennsylvania Turnpike Commission v. Atlantic Richfield Co.***, 482 Pa. 615, 394 A.2d 491 (1978); ***Stewart v. Precision Airmotive, LLC***, 7 A.2d 256, 262 (Pa.Super. 2010). Further, the Borough's motion for summary judgment remains pending as does Appellant's request for prejudgment interest at the legal rate of 6% per annum.[2] The trial court recognized the outstanding issues and noted as much in its May 3, 2022, order.

---

[2] Contrary to Appellant's assertion on appeal, there is no indication in the record that the trial court denied or otherwise ruled upon Appellant's request for prejudgment interest.

Moreover, we conclude the trial court's February 9, 2022, order was not an interlocutory order as of right under Pa.R.A.P. 311.  Further, while a party may file a petition seeking permission to file an interlocutory appeal from the denial of summary judgment, Appellant did not do so in the case *sub judice*.[3] *See McDonald v. Whitewater Challengers, Inc.*, 116 A.3d 99, 104 (Pa.Super. 2015).

Also, while our Supreme Court has recognized the collateral order doctrine may provide a narrow exception to the general rule that an order denying summary judgment is non-appealable, Appellant has neither presented nor developed any argument that the trial court's order is a collateral order under Pa.R.A.P. 313.  *See* **Stewart**, *supra* (citing *Pridgen v. Parker Hannifin Corp.*, 588 Pa. 405, 905 A.2d 422 (2006)).

Finally, while this Court may invoke its jurisdiction where an interlocutory order is rendered final after the appeal has been taken, such has not occurred in this case.  *See Smitley v. Holiday Rambler Corp.*, 707 A.2d 520, 524 (Pa.Super. 1998).  Simply put, the trial court has not

---

[3] This Court has held that, in an order denying summary judgment, if the trial court includes language that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the matter, this Court will certify the appeal as one by permission. *Cellucci v. Gen. Motors Corp.*, 676 A.2d 253 (Pa.Super. 1996) (*en banc*).  However, the trial court included no such language in the case *sub judice*.

addressed, let alone granted, the Borough's motion for summary judgment. The trial court has neither addressed Appellant's request for prejudgment interest nor entered judgment in this matter. ***See id.***

Accordingly, we conclude the trial court's February 9, 2022, order is an interlocutory non-appealable order, and accordingly, we quash the instant appeal on this basis.[4]

Appeal Quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/29/2023

_____

[4] We note that, in its appellee brief, the Borough requests we transfer this appeal to our sister court, the Pennsylvania Commonwealth Court. However, given the procedural nature of this appeal, and the need for further action in the trial court, we decline to transfer this matter.