## Griffin Unemployment Compensation Case.

Sun Shipbuilding & Dry Dock Co., Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 27, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John D. M. Hamilton,* with him *Richard Clarke Sorlien* and *Pepper, Bodine, Stokes & Hamilton,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney Gen-

eral and *Roland M. Morgan,* Associate Counsel, for appellee.

OPINION BY HIRT, J., July 19, 1951:

The facts, and there is no dispute as to them, raise a question of first impression in this appeal. We think the Board was wrong in its construction of the Unemployment Compensation Law, (the Act of December 5, 1936, Second Ex. Sess. P. L. [1937] 2897, 43 PS §751 et seq., as amended) as applied to the problem. The order will be reversed.

Claimant had been in the employ of the Sun Shipbuilding and Dry Dock Company, the appellant here, for about eight years until September 21, 1949. On that date he was found asleep at his job during working hours and was discharged on that ground for insubordination amounting to wilful misconduct under §402(e) of the amended Act, 43 PS §802. Concurrently with his employment with appellant, this claimant, beginning on February 20, 1948, worked for the City of Philadelphia as a pipefitter in the Bureau of Traffic Engineering. He was able to work both places because his hours of employment with the city were from 8 a.m. to 4:30 p.m. and with appellant from 5:30 p.m. to 1 a.m. It is not surprising that he fell asleep on one job or the other. But appellant was justified in discharging him for that reason and claimant then became ineligible for compensation under §402(e), supra. *Laney Unemploy. Compensation Case,* 167 Pa. Superior Ct. 551, 76 A. 2d 487. After his discharge from appellant's employ, claimant continued to work for the city without interruption until January 4, 1950, when he was laid off because of a shortage of materials. He subsequently filed claims for compensation for a total of four weeks. The claims were allowed by both the Referee and the Board.

Claimant in his work with appellant was covered by the Act but his employment with the city was specifically excluded by Article 1, §4(6), 43 PS §753, which provides that the word "employment" in the Act, shall not include service performed in the employ of a state or a political subdivision of instrumentality thereof. The Board in allowing the claim credit concluded, "in the light of [its] past decisions", that claimant's ineligibility for compensation, as a consequence of his discharge for wilful misconduct, by appellant, was purged by his continuing full time employment with the city and his severance from that employment without fault on his part. In our view this conclusion begs the question for it assumes sanctions in the Act which do not exist.

Although the Unemployment Compensation Law was enacted to alleviate "economic insecurity due to unemployment" yet the Act is not all-inclusive and was not intended to cover all workmen in all kinds of employment. The Act was designed to provide benefits only to employes defined in Article 1(i), 43 PS §753, who have "performed services for an employer in an employment subject to this act." Article 1, §4, supra, excludes from the operation of the Act many categories of employment in addition to service to a political subdivision of a state. And a claimant cannot establish eligibility to compensation by service in any employment which is specifically excluded by the Act. Therefore, the nature of the present claimant's separation from his work for the city does not have any bearing on his status as to ineligibility under the Act.

To adopt the interpretation contended for by claimant would be to rewrite the Act and to make all types of employment "covered" despite express legislative mandates to the contrary. Under that view, as applied to situations such as presented in the instant case, an

employe's right to benefits lost by his own voluntary act would revive automatically upon his subsequent involuntary separation from excluded employment, the very end which the legislature sought to prevent. The effective answer to claimant's argument appears in *Dawkins Unemp. Compensation Case,* 358 Pa. 224, 56 A. 2d 254, which in some material respects parallels the instant case. The Supreme Court there held that a claimant who was ineligible for benefits because of his voluntary separation from covered employment did not remove his disqualification by engaging in a business of his own, only to become unemployed without fault chargeable to him, when the business failed. In disposing of the question the Supreme Court there said: "Claimant can be restored to his former status of an employe only by *again* performing as an employe *'services for an employer in any employment subject to this Act.'* The 'good cause' which compelled claimant to terminate his career as an individual contractor cannot be used as a substitute for the not-good cause which impelled him to leave the employ of the Shipbuilding Company." (Emphasis in part, added.) The principle is applicable here and is controlling.

Order reversed.