## Pickett Unemployment Compensation Case.

Argued October 5, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Robert Pickett,* appellant, in propria persona, submitted a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY RHODES, P. J., January 14, 1955:

Claimant was employed by the Pennsylvania Turnpike Commission from June, 1951, until November 13, 1953, when he was laid off due to lack of work. On November 16, 1953, he made application for unemployment compensation benefits. His base year covers the period from July 1, 1952, to June 30, 1953.

The bureau, the referee, and the Board of Review found claimant ineligible to receive unemployment compensation benefits for the reason that he had no earnings during his base year within the meaning of section 401 (a) of the Unemployment Compensation Law, 43 PS §801 (a), which provides: "Compensation shall be payable to any employe who is or becomes unemployed, and who—(a) Has, within his base year, been paid wages for employment equal to not less than

thirty (30) times his weekly benefit rate; . . ." Claimant has filed this appeal from the decision of the Board of Review.

The decision of the Board was further predicated upon the provisions of section 4 (L) of the Unemployment Compensation Law, 43 PS §753 (L), which states:

"(4) The word 'employment' shall not include—

(6) Service performed in the employ of a state, a political subdivision thereof, or an instrumentality of one or more states or political subdivisions."

Claimant's only employment during his base year was with the Pennsylvania Turnpike Commission. During a portion of such period he worked in the Conshohocken and Bristol offices in relation to the Delaware River Extension. The Act of May 21, 1937, P. L. 774, No. 211, §4, 36 PS §652d, which created the Pennsylvania Turnpike Commission, expressly provides: "The commission is hereby constituted an instrumentality of the Commonwealth, and the exercise by the commission of the powers conferred by this act in the construction, operation and maintenance of the turnpike shall be deemed and held to be an essential governmental function of the Commonwealth." Among the powers granted to the Commission by such Act was the power "to employ . . . such . . . employes as may be necessary in its judgment, and fix their compensation: . . ."

The Act of May 23, 1951, P. L. 335, 36 PS §658.1 et seq., known as the "Pennsylvania Turnpike Delaware River Extension Act," supplements the Act of 1937 and contains provisions similar to those to which we have previously referred. See sections 5 and 6 of the Act of 1951, 36 PS §§658.5, 658.6 (e).

Claimant's ineligibility is so obvious that it precludes any discussion in sustaining the action of the

Board of Review. It suffices to say that claimant was employed by an instrumentality of the Commonwealth during his base year. Such employment was specifically excluded from the covering provisions of the Unemployment Compensation Law. Therefore he failed to qualify for compensation benefits under section 401 (a) of the Law, 43 PS §801 (a). See *Griffin Unemployment Compensation Case,* 169 Pa. Superior Ct. 393, 82 A. 2d 58.

Decision is affirmed.