584

Commonwealth *v.* Merritt-Chapman & Scott
Corporation, Appellant.

Argued May 22, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

Richard C. Fox, with him McNees, Wallace & Nurick, for appellant.

Vincent X. Yakowicz, Deputy Attorney General, with him William C. Sennett, Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 27, 1968:

Appellant taxpayer maintains that it is not liable for Sales or Use Tax applied to materials bought for use in constructing the Allegheny Tunnel of the Pennsylvania Turnpike. Taxpayer has appealed from an order of the Board of Finance and Revenue denying taxpayer's claim for a refund. The court below, on stipulated facts, upheld the determination of the board.

As part of the stipulation, the parties agreed that the materials in question were used by taxpayer in constructing the tunnel, pursuant to a contract with the Pennsylvania Turnpike Commission which is charged with operating the Pennsylvania Turnpike. Taxpayer claims that this entitles it to the tax exclusion of Act of March 6, 1956, P. L. (1955) 1228, §2, as amended, 72 P.S. §3403-2(j)(7), which provides that: "(7) . . . The term 'sale at retail' shall not include . . . the transfer of tangible personal property . . . to be used or consumed directly in any of the operations of—(c) The producing, delivering or rendering of a public utility service, or in constructing, reconstructing, remodeling, repairing or maintaining the facilities used in such service . . . ."[1] Taxpayer's argument thus hinges on the contention that the Pennsylvania Turnpike Commission is "rendering a public utility

---

[1] There is a parallel use tax provision involved. Act of March 6, 1956, P. L. (1955) 1228, §2, as amended, 72 P.S. §3403-2(n)(4)(c)(iii).

service" within the meaning of the exemptive provision.[2]

With a possible exception to be discussed later, we held in *Commonwealth v. Lafferty*, 426 Pa. 541, 547, 233 A. 2d 256, 259 (1967), "that the statutory exclusion in question was meant by the Legislature to apply only to Public Utility Code 'public utilities' when they render Public Utility Code 'services.'" Public Utility Code, Act of May 28, 1937, P. L. 1053, §1, as amended, 66 P.S. §1102(17) provides that: "'Public Utility' means persons or corporations now or hereafter owning or operating in this Commonwealth equipment, or facilities for: . . . (d) Use as a canal, turnpike, tunnel, bridge, wharf, and the like for the public for compensation . . . ." Thus, although it would appear that the operation of a turnpike qualifies as a public utility service, the Turnpike Commission can only be classified as a public utility if it is a "person or corporation." The Commonwealth, however, correctly maintains that if the Turnpike Commission is an agency of the state, it is not a "person or corporation" within the Public Utility Code. It is clearly not a corporation,[3] and Public Utility Code §1102(16) defines "person" as "individuals, partnerships, or associations other than corporations. . . ." This definition does not include an instrumentality of the state.[4]

---

[2] Both parties assume that if the Turnpike Commission is a public utility, taxpayer may claim the benefit of the tax exclusion. See *Commonwealth v. Lafferty*, 426 Pa. 541, 547-48 n.9, 233 A. 2d 256, 259 n.9 (1967); *Commonwealth v. McHugh*, 406 Pa. 566, 178 A. 2d 556 (1962).

[3] Taxpayer argues that it is a municipal corporation, but if so, it cannot be a public utility. See note 5 infra.

[4] The tax act in question defines "person" for the purposes of the tax act as including, inter alia, the Commonwealth, its instrumentalities and public authorities. Act of March 6, 1956, P. L. (1955) 1228, §2, as amended, 72 P.S. §3403-2(d). The absence of

The Turnpike Commission was expressly created as "an instrumentality of the Commonwealth," the exercise of whose powers "shall be deemed and held to be an essential governmental function of the Commonwealth." Act of May 21, 1937, P. L. 774, §4, 36 P.S. §652d. We applied this characterization in *Rader v. Pennsylvania Turnpike Commission*, 407 Pa. 609, 617-18, 620, 182 A. 2d 199, 204-05 (1962), to give the Turnpike Commission the same basic sovereign immunity protection as that enjoyed by the Commonwealth itself. Thus it has been the position of the Legislature and the view of this Court that the Turnpike Commission is to be regarded essentially as an agency of the Commonwealth. As such, it cannot be a public utility within the Public Utility Code.

Under the basic holding in *Lafferty*, supra, taxpayer is thus barred from claiming the public utility tax exclusion. *Lafferty* suggests a possible exception to this rule, however, "in the case of an entity long considered *by the courts* to be a public utility rendering what have been judicially declared to be public utility services though such entity does not come within the Public Utility Code." 426 Pa. at 548 n.9, 233 A. 2d at 259 n.9 (Emphasis in original.) ; cf. *Commonwealth v. Equitable Gas Company*, 415 Pa. 113, 116-17, 202 A. 2d 11, 14 (1964). Taxpayer seizes upon this language to argue that (1) The Turnpike Commission is within the definition of a Municipal Corporation; (2) Municipal Corporations have been "long considered by the courts" to be public utilities; and (3) the Turnpike Commission is thus within that class of entities which *Lafferty* suggests can benefit from the public utility

---

similar language in the Public Utility Code indicates that instrumentalities of the state are not meant to be included as "persons" therein.

tax exclusion although not regulated under the Public Utility Code.[5]

Since the Public Utility Code defines "municipal corporation" to include "any public corporation, authority, or body whatsoever created or organized under any law of this Commonwealth for the purpose of rendering any service similar to that of a public utility," Act of May 28, 1937, P. L. 1053, §2, as amended, 66 P.S. §1102(15), the Turnpike Commission arguably could come within this classification.[6] But even assuming this *arguendo*, taxpayer's argument must still fail.

Even if the Pennsylvania Turnpike Commission is within the statutory definition of "municipal corporation," it nonetheless does not qualify as an "entity long considered by the courts to be a public utility." There is no indication that the courts of this Commonwealth have ever even entertained the notion that the Turnpike Commission is a public utility. Rather, we have considered it to be an agency of the Commonwealth. See, e.g., *Rader*, supra. Although courts have treated municipal corporations performing public utility services like public utilities, see *Shirk v. Lancaster City*, 313 Pa. 158, 169 Atl. 557 (1933); *Barnes Laundry Co. v. Pittsburgh*, 266 Pa. 24, 109 Atl. 535 (1920), the municipal corporations involved have been political subdivisions, which are entities within the traditional definition of "municipal corporation." See 25 P.L.E. 153-54; cf. Statutory Construction Act, Act of May 28, 1937, P. L. 1019, §101, as amended, 46 P.S. §601(71),

---

[5] A municipal corporation is explicitly barred from being a Public Utility Code public utility by being excluded from the definition of "corporation" in 66 P.S. §1102(9).

[6] We do not concede that this argument should prevail. In *Rader v. Pennsylvania Turnpike Commission*, 407 Pa. 609, 182 A. 2d 199 (1962), for example, we held that for sovereign immunity purposes, the Turnpike Commission should *not* be categorized with cities, towns, and other political subdivisions.

(73). An entity such as the Turnpike Commission, even if within the technical statutory definition of "municipal corporation," does not automatically qualify as an entity traditionally considered to be a public utility. Our statement in *Lafferty* cannot be taken as permitting non-Public Utility Code entities from taking advantage of the public utility tax exclusion merely because they have been statutorily placed in a class, *some* members of which traditionally have been considered by the courts to be public utilities in the performance of certain activities.

Since the Turnpike Commission neither is a Public Utility Code entity nor comes within the narrow class suggested in *Lafferty*, taxpayer is not entitled to the public utility tax exclusion.

The order of the court below, dismissing the appeal from the order of the Board of Finance and Revenue, is affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.