## C. E. Dunmire Gas Company, Inc., Petitioner v. Pa. Public Utility Commission, Respondent.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*John B. McCue*, of *McCue, Bertocchi & Hein*, for petitioner.

*Louise A. Russell*, Assistant Counsel, with her *Shirley Rae Don*, Deputy Chief Counsel, and *George M. Kashi*, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 18, 1980:

C. E. Dunmire Gas Company, Inc. (company) appeals from an order of the Public Utility Commission (commission) adopting a decision of Administrative Law Judge MATUSCHAK requiring the company to file with the commission an application for authorization to make retail sales of natural gas to the public for compensation, in portions of Washington, East Franklin and North Buffalo Townships, all in Armstrong County, Pennsylvania.

The company is a closed Pennsylvania corporation, chartered on June 6, 1973, and in the gas business continually since 1936. Before being incorporated, the business operated as a partnership which wholesaled

its gas only to Pittsburgh Plate Glass Company and American Natural Gas (now Peoples Natural Gas).

Reduced pressure in the company's lines has reduced the company's wholesale sales to a minimal level. Although the company has never solicited residential customers, its customers now are predominantly of that class. At one time, the company had seventy residential customers through portions of Washington, East Franklin and North Buffalo Townships. In November, 1978, the company had approximately forty-five residential customers in the same area.

The commission undertook an investigation of the company after receiving complaints from the company's customers during the winter of 1975. The customers complained that company's gas service was inadequate, not in sufficient supply. The commission's investigation culminated in the decision from which company here appeals.

On appeal, the company contends that it is not a public utility as defined under Section 102 of the Public Utility Code, 66 Pa. C.S. §102, because it was not providing gas service to the "public" and therefore should not be subject to regulation by the commission.

The private or public character of a business does not depend upon the number of persons by whom it is used, but upon whether or not it is open to the use and service of all members of the public who may require it. *Borough of Ambridge v. P.S.C.*, 108 Pa. Superior Ct. 298, 165 A. 47 (1933). In the present case, the only restriction the company puts on whom it serves is based upon the availability of the company's supply. Thus, the company did not limit its service to a specific privileged class, such as its tenants, as was the case in *Drexelbrook Associates v. Pennsylvania Public Utility Commission*, 418 Pa. 430, 212 A.2d 237 (1965).

We cannot be influenced by the fact that company did not solicit residential customers. The fact is that company provides gas service, to the extent of its capacity, to an indefinitely open class of customers.

Although we can appreciate this small company's desire to minimize its involvement with formal procedures, we must conclude that its retail sales are subject to regulation.

Accordingly, we affirm the decision of the commission.

ORDER

AND Now, this 18th day of April, 1980, the order of the Pennsylvania Public Utility Commission dated March 29, 1979, is hereby affirmed.