James V. WILLIAMS

v.

PENNSYLVANIA TURNPIKE COMMISSION.

Civ. A. No. 84–2393.

United States District Court,
E.D. Pennsylvania.

Nov. 30, 1984.

Saul Doner, Philadelphia, Pa., for plaintiff.

Berle M. Schiller and Richard Limburg, Philadelphia, Pa., for defendant.

MEMORANDUM and ORDER

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff, an Illinois citizen, alleges he was seriously injured in an accident that occurred on the Pennsylvania Turnpike. Although plaintiff alleges that the accident resulted from the defendant Turnpike Commission's negligence, plaintiff failed to give notice to defendant until thirteen months after the date of the accident. Defendant asserts that it is a "governmental unit" within the meaning of 42 Pa.C.S.A. § 5522, and that under that statute, plaintiff was required to give notice to it within six months of the accident unless he can demonstrate "reasonable excuse" for his failure to file. Because I believe the Pennsylvania Turnpike Commission is not a "governmental unit" within the meaning of § 5522, I find plaintiff is not bound by the six month notice requirement. I will therefore deny defendant's motion to dismiss.

The legislation that created the Pennsylvania Turnpike Commission states that the Commission "is hereby constituted an instrumentality of the Commonwealth" and that "the exercise of powers conferred by this Act ... shall be deemed and held to be an essential governmental function of the Commonwealth." 36 P.S. § 652d. Moreover, defendant notes that 71 P.S. § 732–102, part of the Commonwealth Attorneys Act, includes the Turnpike Commission in a list of independent agencies. Another section of that Act requires the Office of the General Counsel to represent, "upon request, each independent agency." 71 P.S. § 732–301(3). Contrary to defendant, I do not find these provisions to be

dispositive of the issue in this motion because an independent agency is not necessarily a "governmental unit" for the purposes of 42 Pa.C.S.A. § 5522. I turn now to the case law concerning the Turnpike Commission.

Pennsylvania courts have reached vastly contrary conclusions about the role and status of the Turnpike Commission. For example, in *Rader v. Pennsylvania Turnpike Commission*, 407 Pa. 609, 182 A.2d 199 (1962), the Pennsylvania Supreme Court held that the Turnpike Commission is in many ways the alter ego of the state. *Id.* at 617, 182 A.2d at 203. In *Commonwealth v. Merritt-Chapman & Scott*, 432 Pa. 584, 248 A.2d 194 (1968), the court announced, "[I]t has been the position of the legislature and a view of this Court that the Turnpike Commission is to be regarded essentially as an agency of the Commonwealth." *Id.* at 587, 248 A.2d at 196. And a lower Pennsylvania court held that an employee of the Turnpike Commission is an employee of the Commonwealth and that the Turnpike Commission is entitled to the same immunity from suits arising out of the negligence of its employees as the Commonwealth. *Pickett Unemployment Compensation Case*, 177 Pa.Super. 240, 242–43, 110 A.2d 863, 864 (1955).

Other Pennsylvania courts have held, however, that claims against the Turnpike Commission are not chargeable to the Commonwealth and that the Turnpike Commission is a legal entity distinct from the Commonwealth. *See, e.g., Lichtenstein v. Pennsylvania Turnpike Commission*, 398 Pa. 415, 158 A.2d 461 (1959) and *Hunkin-Conkey Construction Company v. Pennsylvania Turnpike Commission*, 34 F.Supp. 26 (M.D.Pa.1940). Finally, in 1975, the Pennsylvania Supreme Court attempted to end the confusion by its decision in *Specter v. Commonwealth of Pennsylvania*, 462 Pa. 474, 341 A.2d 481 (1975). The court decided that the Commission was not part of the Commonwealth and that the Commonwealth's immunity from suit did not extend to the Commission. The court noted that although the Commission is ex-

empt from taxation, is permitted to exercise the power of eminent domain, and performs an essential governmental function, the legislature had taken great care to ensure that the Commission and the Commonwealth are financially independent of each other. In addition, after a careful review of the case law, the court concluded that the Commission should be treated as a separate entity from the Commonwealth and that the Commonwealth is not responsible for any liabilities the Turnpike Commission might incur. *Id.* at 493, 341 A.2d at 490–91.

I cannot agree with defendant that because of the enactment of the Judiciary Act of 1976, *Specter* is no longer good law. Indeed, it has been cited with approval in several cases that postdate the Act and its holding has not been questioned. *See e.g., Yancoskie v. Delaware River Port Authority*, 478 Pa. 396, 387 A.2d 41 (1978) and *Pennsylvania Turnpike Commission v. Atlantic Richfield Company*, 482 Pa. 615, 394 A.2d 491 (1978). Although the *Specter* opinion does not address the notice requirement of § 5522 that is at issue in this motion, I must respect the Pennsylvania Supreme Court's painstaking analysis of the Turnpike Commission's status and its careful efforts to distinguish the Turnpike Commission from the Commonwealth. Therefore, even though defendant Turnpike Commission is an "independent agency" under Pennsylvania law, I find that it is sufficiently distinct from the Commonwealth so as not to be a "governmental unit" within the meaning of 42 Pa. C.S.A. § 5522. Plaintiff was therefore under no statutory obligation to give notice to defendant within six months of the accident, and defendant's motion to dismiss will be denied.