Air Engineers, Incorporated, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued May 7, 1985, before Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Keith A. Hunter,* for petitioner.

*Bartholomew J. DeLuca, Jr.,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 14, 1985:

Air Engineers, Inc., (Taxpayer) appeals here an order of the Pennsylvania Department of Revenue, Board of Finance and Revenue (Board), dated January 28, 1970.[1] That order denied Taxpayer's claim for a refund of sales and use taxes paid on the purchase of materials used for the construction of water, natural gas, and sewage lines as well as a sewage treatment plant at Southern Lehigh Junior High School. Taxpayer contends that such purchases are exempt from the imposition of sales and use taxes by virtue of Section 2 of the Tax Act of 1963 for Education (Act).[2] We affirm.

The pertinent facts of this case can be summarized as follows. In 1965, Taxpayer entered into an agree-

---

[1] Taxpayer originally filed this appeal on March 18, 1970 with the Court of Common Pleas of Dauphin County, which was the predecessor of this Court. Upon the creation of this Court in September 1970, the appeal was transferred to this Court. From that time until July 16, 1984, the matter remained dormant. On July 16, 1984, we issued a Rule to Show Cause against Taxpayer to demonstrate why this appeal should not be dismissed for lack of prosecution. Following an answer by Taxpayer, the matter was scheduled for an evidentiary hearing on December 3, 1984. However, on November 29, 1984, the parties submitted a complete Stipulation of Facts in lieu of the evidentiary hearing. Only at that point was this matter ready for disposition on the merits.

[2] Act of March 6, 1956, P.L. (1955) 1228, *as amended, formerly* 72 P.S. §3403-2, repealed by the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6. A similar provision is now found at Section 202 of the Tax Reform Code of 1971, 72 P.S. §7202.

ment with the Southern Lehigh Union School Authority (Authority) pertaining to the construction of a plumbing and drainage system for Southern Lehigh Junior High School. Taxpayer constructed a sewage treatment plant on the grounds of the junior high school and waste water disposal lines leading from the school to the plant. The plant is owned by the Authority and discharges its treated waste water into a nearby creek. Taxpayer was also to extend water and natural gas lines to the junior high school. Sales and use taxes were paid by the Taxpayer on the purchase of the materials and supplies necessary for the completion of its agreement with the Authority. After construction was completed, Taxpayer filed a petition for refund with the Sales Tax Board in the amount of $2,904.69 for sales and use taxes it paid with respect to those materials and supplies. The Sales Tax Board denied the refund petition and Taxpayer appealed to the Board. On January 24, 1970, the Board affirmed the decision of the Sales Tax Board and denied Taxpayer's petition for refund.

The sole issue for resolution in this appeal is whether the purchases made by Taxpayer with respect to performing its agreement with the Authority come within the public utility exemption of former 72 P.S. §3403-2(j)(7)(c) rendering such purchases not subject to the imposition of sales and use taxes. Of course, the burden of proof in a tax refund suit is upon the taxpayer. Section 545 of the Act, *formerly* 72 P.S. §3403-545,[3] *Anastasi Brothers Corp. v. Board of Finance and Revenue,* 455 Pa. 127, 315 A.2d 267 (1973).

Subsection (j)(7)(3) of former 72 P.S. §3403-2 exempts from the definition of "sale at retail" the transfer of tangible personal property used or consumed

---

[3] A provision similar to former 72 P.S. §3403-545 is found at Section 236 of the Tax Reform Code of 1971, 72 P.S. §7236.

directly in any of the operations of the producing, delivering or rendering of a public utility service, or in constructing, reconstructing, remodeling, repairing or maintaining the facilities used in such service. The Act does not specifically define "public utility service" and our Supreme Court has held that this omission was a positive indication that the General Assembly did not wish to disturb the categorization of "service" that had already been established by other statutory enactments, the Public Utility Commission, and case law. *Commonwealth v. Equitable Gas Co.,* 415 Pa. 3, 202 A.2d 11 (1964). In *J. L. Turner Co. v. Commonwealth,* 41 Pa. Commonwealth Ct. 146, 399 A.2d 433 (1979), we held that the public utility exception was available only to 1) a public utility as defined by the Public Utility Code;[4] 2) a contractor who purchases the materials for use by a public utility in a public utility service; or 3) an entity long considered by the courts to be a public utility. *Id.* at 160-162, 399 A.2d at 440-441.

We are convinced that our decision in *J. L. Turner Co.* is controlling here and precludes Taxpayer's use of the public utility service exemption to escape the imposition of sales and use taxes on these transactions. Concerning Taxpayer's claim that an unspecified amount of the materials and supplies were used directly in extending water and natural gas lines to the junior high school, the record does not indicate whether or not these facilities were ever turned over to public utilities. Taxpayer's brief does not make this assertion, only that the materials have no use but in conjunction with the rendition of services by the public utility. Taxpayer had the burden of establishing the applicability of the public utility service exemption to these transactions and on the record before us, it

---

[4] 66 Pa. C. S. §§101-3315.

simply failed to do so. Accordingly, we must reject Taxpayer's contention as to the issue of the water and natural gas lines.

There is no dispute that the sewage treatment plant and the related waste water disposal lines were built for, and remain the property of, the Authority. Those facilities were never turned over to any recognized public utility within the meaning of the Public Utility Code. Our review of the case law also convinces us that the Authority is not one of those entities long considered by the courts to be a public utility.[5] See *Commonwealth v. Merritt-Chapman & Scott Corp.*, 432 Pa. 584, 248 A.2d 194 (1968). Accordingly, the sewage treatment plant and its associated disposal lines likewise do not fall within the public utility service exemption to the Act and the purchase of materials and supplies for their construction were properly subject to the imposition of sales and use tax.

Accordingly, having disposed of the Taxpayer's contentions in favor of the Board, we must affirm the Board's order.

## Order

And Now, this 14th day of June, 1985, the order of the Board of Finance and Revenue at No. R-24151, dated January 28, 1970, will be affirmed, unless exceptions to the determination herein are filed within thirty (30) days after the entry of this order, failing in which this order shall be entered as the final order of this Court.

---

[5] We consider the Authority here to be more akin to the housing authority which we held not to be an entity long considered a public utility in *J. L. Turner Co.* than the municipal water authority in *Commonwealth v. McHugh*, 406 Pa. 566, 178 A.2d 556 (1962), which was found to be an entity long considered by the courts as a public utility.