**VINCENT CONSTRUCTION, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1995.

Decided Dec. 13, 1995.

---

Arthur D. Franklin, Jr., for petitioner.

Ronald H. Skubecz, Senior Deputy Attorney General, for Respondent.

Before DOYLE and NEWMAN, JJ., and MIRARCHI, Senior Judge.

DOYLE, Judge.

This is an appeal by Vincent Construction, Inc. (Taxpayer), a Pennsylvania Corporation, from an order of the Pennsylvania Board of Finance and Revenue (Board) affirming the use tax assessments made by the Department of Revenue for an audit performed for the period of January 1, 1987 through December 31, 1989, and denying Taxpayer's claim for exemptions under Section 201(o) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7201(o).[1]

We adopt the parties' stipulation of facts and summarize the more salient ones as follows.[2] In May of 1988, the Lycoming County Recreational Authority (LCRA), a municipal authority organized by the City of Williamsport, accepted a bid from Taxpayer for the installation of sewage connection lines for a sanitary sewer system and a water system for irrigation, drinking water, and toilets for the White Deer Golf Course, a public golf course operated by LCRA. On August 9, 1988, LCRA provided Taxpayer with a certificate indicating that, because LCRA is a municipal authority, the materials used in installing the sewage and water systems qualified for the tax exemption under Section 201(o) of the Code.

As a result of the Department's audit of Taxpayer's sales and use tax reports for the period of January 1, 1987 through December 31, 1989, the Department assessed Taxpayer a use tax in the amount of $11,625.76 plus $2,230.79 in interest and $3,324.82 in penalties for the materials Taxpayer installed at the golf course. Taxpayer appealed to the Board of Appeals, which affirmed the De-

---

1. Section 201(o) of the Code states in relevant part:
   [A Taxable] "use" shall not include—
   . . . .
   (B) The use or consumption of tangible personal property, including but not limited to machinery and equipment and parts thereof, and supplies . . . directly in the operations of—
   . . . .
   (iii) The producing, delivering or rendering of a public utility service, or in constructing, reconstructing, remodeling, repairing or maintaining the facilities which are directly used in producing, delivering or rendering such service;
   . . . .
   The exclusion provided in subparagraph (iii) shall not apply to (A) construction materials used to construct, reconstruct, remodel, repair or maintain facilities not used directly in the production, delivering or rendition of public utility service, or (B) tools and equipment used but not installed in the maintenance of facilities used directly in the production, delivering or rendition of a public utility service.
   72 P.S. § 7201(o).

2. Appeals from the Board to this Court are de novo in nature. Pa.R.A.P. 1571(f).

partment's tax assessment and interest, but abated the penalties. Taxpayer then appealed to the Board arguing that $8,223.77 [3] of the assessed use tax was for the materials utilized in the installation of the water distribution and sewage systems, and as such constituted the construction of a public utility service; therefore, these items were exempt under Section 201(o ) of the Code. The Board rejected that argument and affirmed the assessment of the tax.

■ The narrow issue before this Court is whether Taxpayer proved that the installation of the water and sewer lines at the golf course operated by LCRA qualifies as the construction of a facility which is directly used in delivering a public utility service, and thus, is exempt from the use tax pursuant to Section 201(o ) of the Code. The taxpayer, of course, bears the burden of proving that it is eligible for an exclusion from tax liability. *Ernest Renda Contracting Co. v. Commonwealth*, 516 Pa. 325, 532 A.2d 416 (1987).

We hold that no exemption is available to Taxpayer because the materials provided to the golf course were not for a public utility service.

■ The Code excludes from the use tax property which is directly used in rendering a public utility service. 72 P.S. § 7201(o ). The Code does not define "public utility service," but this Court has held that the public utility exemption is only available to: (1) a public utility as defined under the Public Utility Code; [4] (2) a contractor who purchases the materials for the use of a public utility in the service of providing the public utility service; and (3) an entity long established by the courts to be a public utility. *Air Engineers, Inc. v. Commonwealth*, 91 Pa.Cmwlth. 202, 496 A.2d 1262 (1985).[5]

■ The Public Utility Code states in relevant part that:

"Public utility" or corporations ... operating ... equipment, or facilities for:

(i) Producing, generating, transmitting, distributing or furnishing natural or artificial gas, electricity, or steam for the production of light, heat or power to or for the public for compensation;

(ii) Diverting, developing, pumping, impounding, distributing, or furnishing water to or for the public for compensation;

(iii) Transporting passengers or property as a common carrier;

(iv) Use a canal, turnpike, tunnel, bridge, wharf, and the like for the public for compensation;

(v) Transporting or conveying natural or artificial gas, crude oil, gasoline, or petroleum products, materials for refrigeration, or other fluid substance, by pipeline or conduit, for the public for compensation;

(vi) Conveying or transmitting messages or communications by telephone or telegraph for the public for compensation;

(vii) Sewage collection, treatment, or disposal for the public for compensation.

66 Pa.C.S. § 102(17). For a facility to be considered a public utility, the services of the facility cannot be limited to a special class of persons, but must be able to be used by the indefinite public. *C.E. Dunmire Gas Co. v. Pennsylvania Public Utility Commission*, 50 Pa.Cmwlth. 600, 413 A.2d 473 (1980). Whether a facility is private or public in nature does not depend upon the number of people who use the service but whether or not the service is available for the use of all members of the public who may request it. *Id.*

■ Taxpayer argues that LCRA may be considered a public utility even though it is not defined as a public utility in the strict sense of the word, because a municipal authority may be considered a public utility when it is providing a public utility service. However, a municipal authority may be considered a public utility only under limited

---

**3.** The assessed tax included $4,241.14 on the water lines and $3,982.63 on the sewage system installation.

**4.** 66 Pa.C.S. § 102(17).

**5.** In *Air Engineers, Inc.*, the taxpayer provided materials used for the construction of water, gas and sewage lines to a public high school operated by the Lehigh Union School Authority. Our Court held that the Authority was not a public utility, and therefore the materials used by the taxpayer were not exempt.

circumstances, that is, when it is **actually** functioning as a public utility, and thus, exclusions from the use tax are only available for materials used by an authority in the direct act of providing a public utility service. *Ernest Renda.* Not all materials and equipment which are used by a municipal authority will be considered to be used in furtherance of a public utility service. *Id.*

Furthermore, the underlying purpose of the public utility exclusion is to save the public utilities and the public,

> the cost of the use tax which would undoubtedly be passed on to the public utility where facilities were constructed for it. This objective is not fulfilled except in those instances where the facilities are used exclusively by the public utility.... However, where the use is less than exclusive, if the exclusion were allowed, the Commonwealth would be foregoing the entire tax, while only part of the resulting lower cost of the project would rebound to the citizens of the Commonwealth. The rest would benefit the contractor....

*Commonwealth v. Public Constructors, Inc.,* 432 Pa. 589, 593, 248 A.2d 29, 31 (1968).

■ Applying the above law to the instant case, we conclude that LCRA lacks any of the requirements which define a service as a public utility. The service provided by LCRA is purely a recreational service, not a public utility service. The water lines and sewage lines do not benefit the public at large, but only benefit those persons taking part in the recreational activities offered at the golf club. Recreational activities are not included in the list of public utility services under 66 Pa.C.S. § 102, nor has such activity been recognized by the courts as being a public utility service.

Accordingly, since Taxpayer has failed to demonstrate that the LCRA is providing a public utility service in operating the White Deer Golf Club, we hold that the materials used in constructing the water lines and sewage lines are not exempt pursuant to Section 201(*o* ) of the Code, 72 P.S. § 7201(*o* ).

Therefore, judgment is entered in favor of the Commonwealth.

*ORDER*

NOW, December 13, 1995, judgment is entered in favor of the Commonwealth. This order shall become final unless exceptions are filed within 30 days of entry of this order.